LEMMON, Justice,
concurring.
C.C. Art. 149 clearly contemplates the issuance of an injunction for the purpose of preserving community property rights when dissolution of the community is imminent. While the article also clearly provides the time at which the injunction may be issued or obtained (that is, during the suit for separation), it does not expressly provide the duration of the injunction or the time when the injunction terminates, and it is therefore up to the court to determine this issue.
In deciding this issue, the court is essentially faced with a policy decision. Considerations of logic and of accomplishment of purpose weigh heavily in favor of a decision that an Article 149 injunction does not terminate until its purpose has been accomplished or the need no longer exists.
Logically, the time when an injunction terminates should bear some relationship to the purpose for which the injunction was issued. Since an Article 149 injunction is a conservatory measure, it is reasonable to conclude that the injunction should terminate when the necessity for this protection *436 no longer exists. Moreover, since Article 149 authorizes both the obtaining of an injunction and the requiring of an inventory and appraisal as steps in the preservation of community property rights, one might reason that the contemplated duration of the injunction is related more to the inventory and appraisal (and the ultimate partition or settlement) of the community property than to the judgment of separation.
In the present case, the wife at a full-day hearing made a showing that injunctive relief was necessary to protect her community property rights.[1] The trial judge granted injunctive relief under the authority of C.C. Art. 149 (and dispensed with security under the authority of C.C.P. Art. 3944). When the judgment of separation was rendered three weeks later, there was no suggestion that injunctive relief was not still necessary to protect the wife’s community property rights (the purpose for which the injunction was originally issued). Significantly, the wife filed for a partition two days after the judgment, and that action was still pending (although the suit for separation had been completed) when the husband sought dissolution of the injunction.
The court of appeal reasoned that the injunction terminated automatically at the rendition of judgment because the spouses then became simple co-owners of the formerly community property. The court accordingly relegated the wife to seek relief under C.C.P. Art. 3601 and following, which requires the showing of irreparable injury and the furnishing of security. However, there is no clear-cut reason why an injunction, issued during the pendency of the separation suit because of the demonstrated need to protect community property rights, should terminate concurrently with the termination of community, if the proven need for the injunction still exists and the purpose of the injunction will be disserved by the automatic termination. Moreover, the mere fact that the former spouses are now simple co-owners of the formerly community property is not a compelling reason in favor of automatic termination. On the contrary, the fact that the settlement of the community property does not generally occur until some time after the judgment of separation suggests that the need for in-junctive relief usually continues beyond the date of the judgment.
Inasmuch as the purpose of the preliminary injunction in this case had not been accomplished when the judgment of separation was rendered, I agree with the holding in this case that the injunction did not automatically terminate with the judgment of separation.[2]

. C.C. Art. 149 does not expressly require a showing that irreparable injury may otherwise result, but does require a showing that an injunction is necessary for protection of the spouse’s community property rights (which arguably is a showing of irreparable injury). While most Article 149 injunctions are issued upon simple request (because the enjoined party does not oppose the request), necessity must be proved if the injunction is contested, as in this case. See also Fuori v. Fuori, 334 So.2d 488 (La.App. 1st Cir. 1976), in which the court held that the evidence at the hearing supported the finding of irreparable injury and the issuance of an injunction under C.C.P. Art. 3601, even if C.C. Art. 149 did not authorize the continuance of the injunction after the judgment of separation.
In the present case, the injunction was issued, not as a matter of form on simple request, but as a substantive determination after an extensive hearing.

. Arguably, there is little difference in result between (1) a ruling by this court that the injunction issued pursuant to C.C. Art. 149 continues beyond the judgment of separation unless the enjoined spouse obtains a modification or dissolution by showing that the injunction is no longer necessary and (2) a ruling that the Article 149 injunction automatically terminates and the spouse must seek further injunctive relief by re-proving the need for the injunction pursuant to C.C.P. Art. 3601 (and by furnishing minimum security). The principal problem involves the determination of which party should be saddled with the burden of moving forward. Since need must be proved prior to the issuance of an injunction during the pendency of a separation action, and since the redactors of the Codes saw fit to dispense with security when a spouse has proved the need to protect community property rights, it is reasonable simply to construe C.C. Art. 149 and C.C.P. Art. 3944 as authorizing injunctive relief, without security, which continues in existence until the property is partitioned or until the enjoined *437 party shows that the injunction is no longer needed or that a partition action is not pending and not contemplated.